# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 16-303V
### Filed: October 23, 2017
### UNPUBLISHED

| | |
|---|---|
| JUDITH MAJORIE TIPTON,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs;<br>Research; Overhead Costs;<br>Excessive and Block Billing |

*Philip James Roth, Jr.*, Marshall, Roth & Gregory, P.C., Asheville, NC, for petitioner.
*Claudia Barnes Gangi*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On March 8, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act. Petitioner alleged that she suffered injuries, including Guillain-Barré Syndrome ("GBS") "resulting from adverse effects of a trivalent influenza vaccination she received on December 30, 2013." Petition at 1 (emphasis omitted); *accord.* Petition at ¶¶ 1, 28. On May 4, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 26).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

I.      **Petitioner's Motion for Attorneys' Fees and Costs**

On May 22, 2017, petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorneys' Fees and Costs ("Pet. Motion") (ECF No. 30). Petitioner requests attorneys' fees in the amount of $42,085.90 and attorneys' costs in the amount of $10,348.81.  *See* 2nd Attachment to Pet. Motion at 6, 8.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *See* 5th Attachment to Pet. Motion (ECF No. 30-5). Thus, the total amount requested is $52,434.71.

On June 6, 2017, respondent filed a response to petitioner's motion.  (ECF No. 31).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner filed no reply.

II.     **Legal Standard for Determining the Amount of Fees and Costs**

Since petitioner was awarded compensation for his injury, he is entitled to an award of <u>reasonable</u> attorneys' fees and costs. § 15(e)(1) (emphasis added).  As the Federal Circuit noted, attorneys' fees and costs were "not expected to be high" due to the "no-fault, non-adversarial system" set forth in the Vaccine Act.  *Saxton ex rel. v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993) (quoting H.R. REP. NO. 99-908, at 36 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6377).

Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)); *Saxton*, 3 F.3d at 1521.  Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as fees.  *See Perriera v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).  Reasonable expert costs are calculated using the same lodestar method as is used when calculating attorneys' fees.  *Masias v. Sec'y of Health & Human Servs.*, No. 99-697V, 2009 WL 1838979, at *37 (Fed. Cl. Spec. Mstr. June 12, 2009).

Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  They are entitled to rely on their prior experience and, based on experience and judgment, may reduce the number of hours to an amount reasonable

for the work performed. *Saxton*, 3 F.3d at 1521. A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam). Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson*, 24 Cl. Ct. at 484. He "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983).

### III.   Reasonable Amount of Attorneys' Fees and Costs

#### A.   Appropriate Hourly Rates

Petitioner seeks attorneys' fees in the amount of $42,085.90 which reflects the following hourly rates:

| | | |
|---|---|---|
| Mr. Philip Roth (attorney): | $350 | for 2014-16 |
| | $358 | for 2017 |
| Ms. Cindy Sprouse (paralegal): | $125 | for 2014-17 |

*See* 2nd Attachment to Pet. Motion at 1-6. Along with her motion, petitioner submitted an affidavit from petitioner's counsel indicated he has been practicing law since 1992. *See* 1st Attachment to Pet. Motion. Thus, these rates are within the ranges of forum rates in the schedules found on the court's website[3] which are based upon the ranges of forum rates set forth in *McCulloch v. Sec'y of Health & Human Servs.,* No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[4]

---

[3] *See* http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf (last visited on Aug. 9, 2017) (for the OSM's 2015-16 Fee Schedule); http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf (last visited on Aug. 9, 2017) (OSM's 2017 Fee Schedule).

[4] Although the parties in *McCulloch* did not seek review, much of the reasoning of the *McCulloch* decision was later examined approvingly in *Garrison v. Sec'y of Health & Human Servs.*, No. 14-762V, 128 Fed. Cl. 99 (2016).

3

However, petitioner's fee request includes entries for Mr. Roth and Ms. Sprouse which include travel time to and from petitioner's home. *See* 2nd Attachment to Pet. Motion at 2 (entries dated 6/25/14 (2nd and 3rd)). These entries, in the amounts of 2.00 and 2.70 hours respectively, include a meeting with petitioner and her husband. In future billing statements, petitioner's counsel should separate time spent traveling from time spent performing substantive work. It appears that petitioner's home is approximately 30 minutes from the office of petitioner's counsel. Thus, the undersigned will treat 1.00 hour of time billed for each Mr. Roth and Ms. Sprouse as travel time.

In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). Special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.*

The undersigned finds the rates requested to be appropriate hourly rates for work performed by Mr. Roth and Ms. Sprouse in this case. The rates for 1.00 hour of travel time each for Mr. Roth and Ms. Sprouse will be reduced to 50 percent of their usual rate. This reduction results in a **deduction of $237.50** ($175.00 for Mr. Roth and $62.50 for Ms. Sprouse).

### B. Reduction in Amount of Hours Billed

#### 1. Research

Petitioner's counsel, Mr. Roth, billed 22.00 hours for time spent researching Vaccine Program procedures and caselaw relevant to petitioner's claim.[5] All work was performed in 2015-16, and thus, is billed at Mr. Roth's hourly rate of $350.

The full amount of this time should not be compensated as "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program

---

[5] *See* 2nd Attachment to Pet. Motion at 2-6 (entries dated 3/14/14, 2/4/15, 2/5/15 (2nd), 3/4/15, 3/5/15 (2nd), 3/18/15 (2nd), 11/24/15, 2/9/16 (3rd), 2/11/16, 11/15/16, and 12/19/16 (2nd)).

for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).

However, this is the first case in the Vaccine Program for petitioner's counsel. Additionally, Mr. Roth performed high quality work in this case. There were numerous instances where Mr. Roth's familiarity with caselaw, the Vaccine Rules, and *Guidelines for Practice Under the National Vaccine Injury Compensation Program* ("*Guidelines*") aided the efficient conclusion of petitioner's claim. Thus, the undersigned will compensate 8.00 hours of this time. The undersigned will not compensate hours billed by Mr. Roth for this type of general research in future cases.[6] The nonpayment of the remaining 14.00 hours results in a **deduction of $4,900.00.**

### 2.  Overhead Office Costs

In several instances, petitioner seeks amounts which should be considered normal overhead office costs. For example, the billing records show entries totaling 1.10 hours for payment of expenses and other secretarial work performed by Ms. Sprouse. *See* 2nd Attachment to Pet. Motion at 2-3 (entries dated 7/24/14, 7/25/14, and 10/8/15). It is clearly established that secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing *Rochester*, 18 Cl. Ct. at 387).

Additionally, petitioner seeks fees for time expended by Ms. Sprouse and Mr. Roth dealing with technical issues and researching the life care planner petitioner planned to retain. *See* 2nd Attachment to Pet. Motion at 4 (entries dated 3/10/16 (2nd) and 8/17/16 (1st and 2nd)). This type of work is also considered administrative. *See, Riggins v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *17 (Fed. Cl. Spec. Mstr. June 15, 2009). Nonpayment of these entries results in a **deduction of $620.00.**

### 3.  Excessive and Block Billing

Several entries in the billing records submitted show hours that are excessive for the task described. For example, petitioner seeks 1.50 hours of time for Mr. Roth to review the decision awarding compensation and to email respondent's counsel, Ms. Gangi, regarding a joint notice not to seek review. *See* 2nd Attachment to Pet. Motion at 6 (entry dated 5/8/17 (2nd)). Most attorneys could perform each of these tasks in .10 to

---

[6] The undersigned similarly compensated 8.00 hours of research performed by a petitioner's counsel new to the Vaccine Program in *Twerdok v. Sec'y of Health & Human Servs.*, No. 14-1237V, 2016 WL 7048036, at *6 (Fed. Cl. Spec. Mstr. Aug. 4, 2016). In that case, the undersigned stressed that counsel had not billed time for research in her second case involving the same type of injury. *Id.*

.20 hours.  The decision awarding compensation is a less than two page decision adopting the terms of the stipulation which Mr. Roth negotiated and reviewed just five days earlier.  *See id.* (entry dated 5/3/17).

Additionally, numerous billing entries list multiple tasks performed by Mr. Roth and Ms. Sprouse.  This type of "block billing" is not appropriate in vaccine cases.  *See Barry v. Sec'y of Health & Human Servs.,* No. 12-39V, 2016 WL 6835542, at *4 (Fed. Cl. Spec. Mstr. Oct. 25, 2016); *Mostovoy,* 2016 WL 720969, at *5-6; *Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXXV, 2010 WL 529425, at *8 (Fed. Cl. Spec. Mstr. Jan. 29, 2010).  In many instances, some of the time is compensable and some is not.  For example, in early January 2017, Mr. Roth indicates that he spent .80 hours performing research and emailing Ms. Gangi.  *See* 2nd Attachment to Pet. Motion at 6. (entry dated 1/4/17 (2nd)).  The next month, Mr. Roth indicates he spent 1.20 hours reviewing the undersigned's 15-Week Order and researching the process for requesting fees.  *See id.* (entry dated 2/8/17 (2nd)).  In each case, one task should be compensated, and the other should not.

Due to excessive and block billing, the undersigned reduces petitioner's entire fee award by 10 percent.  *See Willett v. Sec'y of Health & Human Servs.,* No. 15-252V, 2017 WL 3298983, at *4 (Fed. Cl. Spec. Mstr. June 2, 2017) (reducing fee award by 20 percent); *Ericzon v. Sec'y of Health & Human Servs.,* No. 10-103V, 2016 WL 447770, at *5 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reducing fee award by 10 percent); *Raymo v. Sec'y of Health & Human Servs.,* No. 11-654V, 2016 WL 7212323, at *18 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reducing fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016); *see also Wasson*, 24 Cl.Ct. at 484 (a line-by-line evaluation is not required in determining a reasonable number of hours expended), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993).  This adjustment results in a **further deduction of $3,632.84.**

### C. Appropriate Amount of Costs

Petitioner seeks reimbursement for costs in the amount of $10,348.81.  *See* 2nd Attachment to Pet. Motion at 6-8.

### 1. Research

The amount sought includes $143.87 for research.  *See id.* (entries dated 3/17/14, 2/4/15, 2/6/15, 3/15/16 (2nd), and 11/7/16 (1st and 3rd)).  Since the undersigned is paying attorneys' fees for only a portion of the researched performed by petitioner's counsel, she will pay only 50 percent of these costs.  Thus, the costs sought are **reduced by $71.94.**

### 2. In House Copying and Postage

Petitioner's counsel also billed $423.79 for postage and in house copying costs. *See id.* Special masters generally have allowed in house copying costs at a specific amount per page, currently 20 or 25 cents. *See Sabella,* 86 Fed. Cl at 225; *Fragoso v. Sec'y of Health & Human Servs.,* No. 08-236V, 2011 WL 300139, at *3 (Fed. Cl. Spec. Mstr. Jan. 6, 2011) (awarding copying costs at 20 cents per page); *Picciotti v. Sec'y of Health & Human Servs.,* No. 99-506V, 2010 WL 3920511, at *8 (Fed. Cl. Spec. Mstr. Sept. 14, 2010) (awarding copying costs at 20 cents per page); *English*, 2006 WL 3419805, at *15 (awarding copying costs at 25 cents per page). Petitioner has requested copying costs at 20 cents a page which the undersigned finds is an appropriate rate.

The amount of entries for in house copying and postage, however, seems excessive. There are more than 70 such entries. Furthermore, none of these entries includes a description beyond "Postage Expense" or "Copy Expense." *See* 2nd Attachment at 6-8. Comparing the billing records of attorney and paralegal work indicates some of these entries were, most likely, for record requests. *See id.* at 2-8. It also appears that petitioner's counsel may have been printing, copying, and individually mailing all documents to petitioner. Although petitioner's counsel should be commended for keeping petitioner informed of the activity in her case, it seems there is a more efficient manner of doing so. Because these costs seem excessive and have vague descriptions, the undersigned will reduce them by 10 percent, resulting in a **deduction of $42.38.**

### 3. DVDs

Petitioner seeks costs in the amount of $40.00 for three different DVD purchases. *See id.* at 7-8 (entries dated 3/8/16, 4/28/16, and 9/2/16). The cost of office supplies such as paper, pens, labels, and CDs has been disallowed as overhead expenses. *See Whitener v. Sec'y of Health & Human Servs.,* No. 06-477V, 2011 WL 1467919, at *8 (Fed. Cl. Spec. Mstr. Mar. 25, 2011); *Lamar v. Sec'y of Health & Human Servs.,* No. 99-584V, 2008 WL 3845157, at *15 (Fed. Cl. Spec. Mstr. July 30, 2008) (citing *Borger v. Sec'y of Health & Human Servs.,* No. 90-1066V, 1993 WL 540817, at *2 (Fed. Cl. Spec. Mstr. Dec. 16, 1993). One special master has allowed the cost of folders used to file medical records because the folders were required by the court at that time. *See Corder v. Sec'y of Health & Human Servs.,* No. 97-125V, 1999 WL 1427753, at *11 (Fed. Cl. Spec. Mstr. Dec. 22, 1999).

In this case, petitioner filed her medical records on CDs on March 16, 2016. *See* Exhibits 1-11 (ECF No. 8). Only one purchase of DVDs occurred prior to that date. *See* 2nd Attachment to Pet. Motion at 7 (entry dated 3/8/16 (2nd)). Additionally, the court does not require that medical records be filed on CDs, but rather encourages electronic

filing.[7]  Thus, the amount requested for these three purchases is denied.  The amount of costs is further reduced by a **deduction of $40.00.**

### 4. Costs for Life Care Planner

Petitioner has submitted adequate documentation regarding the costs sought for petitioner's life care planner in this case.  *See* 4th Attachment to Pet. Motion at 16-30.  Petitioner's life care planner billed 44.10 hours of work at a rate of $150 and 15.00 hours of travel time at a rate of $75.  *See id.* at 29.  The undersigned approved the use of life care planners in this case.  *See, e.g.,* Order, issued Sept. 13, 2016 (ECF No. 13).  Additionally, in an efficient use of Program resources, the life care planners for petitioner and respondent performed a joint home visit.  *See, e.g., id.*  The undersigned finds no reason to reduce the amount sought for petitioner's life care planner.

## IV. Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  The undersigned awards petitioner the following for attorneys' fees and costs:

| | |
|---|---:|
| Requested attorneys' fees: | $42,085.90 |
| Travel Rate Adjustment | -   $237.50 |
| Research Deduction | - $4,900.00 |
| Overhead Costs Deduction | -   $620.00 |
| Excessive and Block Billing Deduction | - $3,632.84 |
| **Adjusted Fees Total:** | **$32,695.56** |
| | |
| Requested attorneys' costs: | $10,348.81 |
| Research Deduction | -    $71.94 |
| Excessive and Vague Deduction | -    $42.38 |
| Overhead Costs Deduction | -    $40.00 |
| Adjusted Costs Total: | **+ $10,194.49** |
| | |
| **Total Attorneys' Fees and Costs Awarded:** | **$42,890.05** |

---

[7] As noted in the Supplement to Appendix B, Electronic Case Filing Procedure in Vaccine Act Cases, III.10 at http://www.uscfc.uscourts.gov/sites/default/files/170801VaccineRules.pdf, medical records which exceed the court's filing size can be divided into multiple pdf files.  In the court's latest guidance, the preference for electronic filing is clearly stated.  *See Vaccine Case Processing and Filing Pointers* which can be found on the court's website at http://www.uscfc.uscourts.gov/sites/default/files/17.10_Vaccine_Filing_Tips.pdf.

**Accordingly, the undersigned awards the total of $42,890.05[8] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Philip James Roth, Jr.**

The clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[8] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.